# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

v.

NICK T. NGUYEN,

    Movant/Defendant.

Case No. 2:04-CR-00182-KJD-PAL
          2:07-CV-00229-KJD-PAL

**ORDER**

    Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence (#131) pursuant to 28 U.S.C. § 2255. In accordance with 28 U.S.C. § 2255 ("§ 2255"), the Court finds that a response from the Government is unnecessary, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

I.  Standard for § 2255

    Movant argues first, that he was denied effective assistance of counsel at trial when: (1) his counsel failed to file any trial memoranda or motions *in limine* and failed to offer appropriate evidentiary theories to ensure admissibility of crucial evidence; and (2) his counsel failed to establish specific facts on cross examination of witnesses. Second, Movant argues that his counsel rendered ineffective assistance at sentencing when: (1) his counseled failed to file objections to the presentence investigation report in accordance with Rule 32 of the Federal Rules of Criminal

Procedure; (2) his counsel did not object to the district court's upward adjustment of his offense level at sentencing using facts that were not charged in the indictment and found beyond a reasonable doubt by a jury; and (3) by failing to argue that the sentencing judge did not have discretion based upon his reasonable belief.

Since Movant failed to raise any of these claims on direct appeal, a § 2255 motion is only available if the movant establishes either "cause" for the waiver and "actual prejudice" resulting from the alleged violation or "actual innocence." See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982).

A § 2255 movant can ordinarily establish "cause" by demonstrating that counsel rendered ineffective assistance. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991). However, attorney error short of constitutional ineffectiveness does not constitute "cause" notwithstanding that the error was due to ignorance, inadvertence or deliberate strategy. See id. at 752.

II.  Ineffective Assistance of Counsel at Trial

Movant asserts that his counsel, at trial, rendered ineffective assistance by failing to file any trial memoranda, motions *in limine*, and failed to ensure the admissibility of crucial evidence. However, Movant has only made vague assertions regarding the failure of his trial counsel to file trial memoranda and motions *in limine*. Movant has not specified how this failure prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Since Movant has not demonstrated which particular motions *in limine* his counsel should have made, the Court cannot conclude that if counsel's performance was deficient that it prejudiced Movant's defense or that the error was one of constitutional magnitude.

Movant also argues that his counsel failed to establish the admissibility of crucial evidence. On direct appeal, Movant argued that the Court inappropriately excluded three areas of expert testimony. The Court of Appeals affirmed the district court's ruling on all three areas of expert testimony. See Memorandum, Docket #121. Since review under § 2255 is not available to claims that have been previously rejected on their merits on direct appeal, this claim is moot. See Kaufman

v. United States, 394 U.S. 217, 227 n.8 (1969), overruled on other grounds by Stone v. Powell, 428 U.S. 465 (1976); Daniels v. United States, 26 F.3d 706, 711-712 (7th Cir. 1994); Underwood v. United States, 15 F.3d 16, 18 (2d Cir. 1993).

Finally, Movant argues that counsel was ineffective for failing to establish on cross examination that his patients were confined to bed and medicated when he treated them rendering their testimony regarding the lack of pain moot.  However, given the testimony presented in court, Movant's counsel's able representation and cross examination, the Court cannot conclude that an error of constitutional magnitude occurred infecting his trial.  Movant is merely wishing for a different result and has not demonstrated constitutional errors or actual innocence.

III.  Ineffective Assistance at Sentencing

Movant argues that counsel failed to properly object to the Presentence Investigation Report ("PSI") in accordance with Rule 32.  However, Movant's counsel did properly object to the PSI.  See Defendant Nick Nguyen's Objections to Presentence Report and Position Re: Sentencing, Docket #86.  Furthermore, the PSI clearly reflects that Movant's counsel did object to an upward enhancement based on a loss amount not contained in the indictment and not found by a jury based on a reasonable doubt.  See Docket #86, p. 19.  Therefore, the Court denies Movant's § 2255 motion based upon these grounds.

Finally, Movant argues that his counsel was ineffective by failing to argue that the district court was misguided in its position that the Sentencing guidelines are advisory and that the judge had discretion based on what he believed was reasonable.  Movant relies on the recent Supreme Court case Cunningham v. California, 127 S. Ct. 856 (2007) which held that California's determinate sentencing law which authorized a judge, not jury, to find facts exposing defendant to elevated upper term sentence violated defendant's right to a trial by jury.  However, Movant is misguided in his belief that Cunningham casts doubt upon the advisory nature of the federal sentencing guidelines and the use of the guidelines in determining whether a sentence is reasonable.  Therefore, the Court denies Movant's motion under § 2255 and denies his request to hold his motion in abeyance.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Vacate, Set Aside, or Correct Sentence (#131) pursuant to 28 U.S.C. § 2255 is **DENIED**.

DATED this 7th day of May 2007.

_____
Kent J. Dawson
United States District Judge